UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                CRIMINAL NO. 15-cr-00222

VERSUS                                                  JUDGE FOOTE

BRADY D. ALSUP                                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Brady D. Alsup ("Defendant") is charged with possession of methamphetamine, possession of firearms by a convicted felon, and possession of firearms by a drug user. Doc. 14. The charges arise out of a search of Defendant's residence, outbuildings, and vehicles pursuant to a search warrant authorized by the undersigned.

Before the court is Defendant's **Motion to Suppress. Doc. 28**. Defendant argues that the facts set forth in the search warrant affidavit were stale and based on information provided by wholly unreliable and biased witnesses. For the foregoing reasons, it is recommended that Defendant's motion be denied.

**Applicable Law**

An affidavit used to support a search warrant is presumed valid. Franks v. Delaware, 438 U.S. 154, 171 (1978). The affidavit's veracity may be attacked by showing deliberate falsehood or reckless disregard for the truth by the affiant. To meet this burden, a defendant must make a substantial showing that (1) allegations in the supporting affidavit were

deliberate falsehoods or made with a reckless disregard for the truth, and (2) after any false statements are removed or improper omissions are added, the affidavit is not sufficient to support a finding of probable cause.  United States v. Dickey, 102 F.3d 157, 161 (5th Cir. 1996).

The defendant bears the burden of showing, by a preponderance of the evidence, that a misstatement was made with more than mere negligence.  United States v. Runyon, 290 F.3d 223, 234 (5th Cir. 2002).  Even if the defendant can show that the affiant made deliberately false statements or made statements with reckless disregard for the truth, the defendant is not entitled to a hearing if, when these statements are set to one side, an affidavit supports a finding of probable cause.  United States v. Privette, 947 F.2d 1259, 1261 (5th Cir. 1991).

**Analysis**

Defendant's motion to suppress aggressively challenges the credibility, veracity, and bias of the confidential informant ("CI") and cooperating witness ("CW") whose information was set forth in the affidavit.  More specifically, Defendant notes that the probable cause purports to be based on:

(1)     information from a second cousin who was in a bitter land dispute with Defendant;

(2)      an uncle and second cousin who are convicted felons;

(3)     a CI, who is a high school drop out and former employee of Defendant who was fired for "laziness, drunkenness, and incompetence;" and

(4)     a CW, who is a lazy, former employee of Defendant, a felon, and who spends

"$300 per week on Bud Lite ... ".

Defendant ignores the simple fact that high school dropouts, convicted felons, beer drinkers, and angry second cousins can provide probable cause in support of a warrant application, provided their information is reliable or otherwise corroborated.  The affidavit in this case sets forth the following statements relevant to the court's probable cause determination:

● Beginning in June 2015, residents living near Defendant reported hearing loud explosions coming from Defendant's property.

● On July 4, 2015, neighbors reported hearing explosions and gunshots coming from Defendant's residence.

● On July 31, 2015, a nearby resident reported rapid fire gunshots and an explosion coming from Defendant's residence.

● A CI reported that Defendant made a homemade cannon from a large piece of pipe with one end welded up and a small hole to ignite the cannon.  The CI explained that Defendant packed it with nuts and bolts and used acetylene and oxygen from a cutting torch as the propellent.

● The CI stated there were several firearms on the property hidden in old vehicles, rafters in the shed, and on heavy equipment.

● The CW, who had known Defendant for almost a year and was on Defendant's property at least three times per week leading up to the affidavit, stated that she/he had never

seen any firearms or ammunition *inside* the residence.  (This fact was included in the affidavit, even though it is favorable to Defendant.)

● The CW saw firearms in Defendant's vehicles, and the CW was able to describe each vehicle in detail.  The CW also saw firearms on Defendant's heavy equipment.

● The CW reported retrieving a deer that Defendant shot with a rifle approximately six months earlier. (This fact, standing alone, might be stale; but it is not stale in light of the other information set forth in the warrant.)

● The CW saw Defendant's wife exit the residence with a rifle.

● The CW saw Defendant take a rifle into the residence approximately 10 times.

● The CW saw Defendant shoot a rifle at an old oil bucket a few weeks before the search warrant was executed.

● The CW never saw Defendant with explosives but did describe—in a similar fashion as the device described by the CI—the homemade cannon.

● The CW saw a shotgun in Defendant's shop that had been spray painted orange. The CW last saw that shotgun a few weeks before the search warrant was executed.

● The CW admitted she/he could not honestly say to whom the firearms belonged, but they were present at Defendant's residence.

This information, obtained from multiple sources, provides sufficient detail and corroboration to constitute probable cause for the issuance of a search warrant to search for evidence that Defendant, a convicted felon, possessed one or more firearms and ammunition.

In Defendant's memorandum in support of his motion to suppress, Defendant admits that he had and used a "varmint cannon" to keep predators out of his garden.  However, Defendant criticizes the CI, CW, the local police, and the ATF agent for failing to determine that the cannon was not an illegal weapon.  Doc. 28-1, p. 5.  Defendant also attacks the CW and CI for failing to report to the police about a safe inside his residence *where his wife maintained all of the weapons*.  Defendant argues that he had "no access to the safe."  Id. at p. 7.

Despite Defendant's protestations about credibility, veracity, and bias, he neglects to point out a single statement in the affidavit that he claims was false.  Indeed, the return on the search warrant shows that law enforcement seized 11 firearms: One in the master bedroom under a bed, seven in a gun safe in a back room, two in a black Dodge automobile, and a shotgun in Defendant's workshop.  Various rounds of ammunition were found in the master bedroom on night stands and inside closets.  Methamphetamine was found inside a master bathroom cabinet and inside the Dodge.  Apparently, the "varmint cannon," was not illegal for Defendant to own or possess, and it was not seized.

**Conclusion**

Defendant has not shown any of the material facts in the affidavit in support of the search warrant were false or made with the reckless disregard for the truth.  Furthermore, the information was not stale.  It is common sense that firearms, unlike drugs, are durable goods and are useful to the owners for long periods of time.  United States v. Singer, 934 F.2d 758,

763 (7ᵗʰ Cir. 1991).  Gun owners typically do not shoot their firearms only once and then discard them.

In light of the above, there is no reason to hold a <u>Franks</u> hearing, and there is no justification for suppressing the evidence discovered as a result of the search warrant.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Suppress (Doc. 28)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b).  A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge